Weygandt, C. J.
 

 Section 11225-1, General Code,, reads as follows:
 

 
 *355
 
 “No bank which has paid and charged to the account of a depositor any money on a forged or raised check issued in the name of said depositor shall be liable to said depositor for the amount paid thereon unless either, (1) within one year after actual written notice to said depositor that the vouchers representing payments charged to the account of said depositor for the period during which such payment was made are ready for delivery, or (2) in case no such notice has been given, within one year after the return to said depositor of the voucher representing such payment, said depositor shall notify the bank that the check so paid is forged or raised.”
 

 It is conceded that under the second part of this statute the cancelled checks or warrants were returned by the defendant bank to Martin as the duly elected, qualified and acting clerk-treasurer of the township. However, it is vigorously contended by the plaintiff surety company that the delivery of the cancelled warrants to the clerk-treasurer of the township was not a delivery to the township as the depositor of the funds within the terms of the above statute.
 

 On this issue the trial court charged the jury as follows:
 

 ‘ ‘ And the court says to you that delivery of the can-celled checks, or warrants, to the clerk-treasurer of Vernon township, is delivery to the township itself.
 

 “Now, this statute I have read may be confusing to you but it means this: That when the bank delivers to the depositor the cancelled checks it is liable for only ■one year thereafter on any forged checks that might be included in those cancelled checks; it places the burden upon the depositor, after it has returned the checks, to examine them and if there are any forged checks among them it gives the depositor one year so to do.
 

 “By reason of this limitation of the statute, the bank
 
 *356
 
 would not be liable, either to the plaintiff or to the township, for- any amount of money paid out on forged checks or warrants prior to April 5, 1939.
 

 ‘ ‘ On the undisputed evidence in this case, and on the-pleadings, the plaintiff’s petition, and from the schedule of warrants set out in plaintiff’s petition, we find the total amount of the warrants paid from April 5,. 1939, to aggregate $293.75.
 

 “The court says to you that, if you find in favor of' the plaintiff in this case, your verdict in no event shall, exceed the amount paid out by the bank on forged checks before April 5, 1939, which amount totals-$293.75.”
 

 The Court of Appeals held that this charge of the trial court is erroneous; and this ruling constitutes-the sole question of law now before this court for review.
 

 In the opinion of the Court of Appeals and in the brief, of the plaintiff it is observed that the clerk-treasurer was not the depositor and that, therefore, the cancelled warrants should not have been returned to-him. It is insisted further that the depositor was tbe board of trustees and that the cancelled warrants should have been returned to the board instead of the clerk-treasurer, especially in view of the fact that it-was the latter who was guilty of the forgery.
 

 To the contrary it is contended by the defendant-that the clerk-treasurer of the township is an elected official under Section 3299, General Code; that under-Section 3300, General Code, he is required to furnish a bond for the faithful performance of his duties; that under Section 3301, General Code, he is charged with the duty of keeping a record of the proceedings of the trustees as well as a record of all their accounts and transactions; that under Section 3304, General Code, he is charged with the duty of preparing a detailed statement of the receipts and expenditures of"
 
 *357
 
 the township; that in townships in which a depository has been provided (as in the instant case) the clerk performs all the services and discharges all the duties formerly required of the township treasurer under Section 3316-1, General Code; that the treasurer was required to receive all moneys belonging to the township and handle all books, accounts and vouchers for the expenditures of funds; and that although the present statutes do not specificially designate the person nr persons to whom cancelled warrants of the township shall be returned, it clearly is implied that the clerk-treasurer is the proper official of the township for this purpose.
 

 It is true, as contended by the plaintiff, that the clerk-treasurer was not the “depositor” within the meaning of the statute; but neither were the trustees. 'The funds belonged to neither the clerk-treasurer nor the trustees but to the township. The statutes and the pleadings properly refer to the funds as belonging to the township. If there were any doubt as to who was the owner and depositor of the funds this is removed by the warrants themselves on which appear the words “The Cortland Savings and Banking Co., Cortland, Ohio, Depository of said Township.” The name of the township also appears on the warrants.
 

 As the owner and depositor of the funds the only manner in which the township could function was through its duly constituted officers. The clerk-treasurer was one of them. He made all of the deposits in the bank, and all of the. cancelled warrants were returned to him. These facts were known to the trustees. The plaintiff contends that the defendant bank was careless in not discovering the forgeries; and the defendant insists that the trustees were guilty of carelessness in failing to make the discovery. However this may be, these were questions of fact for the' jury, and of course this court does not weigh the evidence.
 

 
 *358
 
 The plaintiff further contends that although ordinarily it might have been proper for the bank to return the cancelled warrants to the clerk-treasurer, he was without authority to receive them in this instance since it was he himself who had perpetrated the forgeries. However, Martin was still the duly elected, qualified and acting clerk-treasurer in spite of his undiscovered misconduct, and as long as the bank was without fault in making the discovery it was justified in assuming that his authority remained unimpaired.
 

 The judgment of the Court of Appeals must be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Matthias, Zimmerman, Bell and Turner, JJ., concur.
 

 Hart and Williams, JJ., dissent.